(Decided June 19th, 1862.)

---

# THOMAS SPARKS' Appeal in the Insolvent Estate of TONGE.

An appeal from an order, or decision, in a case in insolvency, not taken within *thirty days*, as required by the Act of 1854, ch. 193, sec. 20, must be dismissed.

APPEAL from the Circuit Court for Baltimore County.

The court below (PRICE, J.) decided, September 3rd, 1860,

to reject the claim of Sparks against the insolvent estate in this case, and from this decision Sparks appealed, October 16th, 1860, and a motion was made to dismiss this appeal, for the reason, among others, that it was not taken in time.

The motion was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J., by *James Malcolm* and *John J. Snyder* for, and by *G. L. Dulany* against, the same.

BARTOL, J., delivered the opinion of this court:

The motion to dismiss the appeal in this case must be granted. It appears from the record, that the decision of the Circuit court, from which the appeal was taken, was made on the 3rd day of September 1860. No appeal was taken until the 16th day of October 1860, when the time for appealing prescribed by law had passed.

The Act of 1854, ch: 193, sec. 20, allows *thirty days*, within which an appeal, in such a case, may be allowed; the language of the Act is clear and imperative, and we have no power to entertain the appeal where the appellant, as in this case, has not appealed within the time prescribed by law. See *Glenn vs. The Chesapeake Bank, Alexander & others*, 3 Md. Rep., 475.

The first ground stated in support of this motion, being sufficient, it is unnecessary for us to express any opinion upon the other grounds alleged.

*Appeal dismissed.*

(Decided June 20th, 1862.)